106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon ALCORN, Plaintiff-Appellant,
v.
Jeryl KOCHERA, Defendant-Appellee.
 No. 96-16000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Gordon Alcorn appeals pro se the district court's summary judgment in favor of defendant Jeryl Kochera in Alcorn's action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We affirm.
 
 
 3
 After an exchange with a prison guard, Alcorn was charged with refusing to obey an order and insolence. Although two witnesses were called on Alcorn's behalf, neither appeared at the hearing. Defendant Kochera, the hearing officer, elected to proceed without them. However, before finding that the charges were true, Kochera considered the witnesses' written statements. Alcorn was sanctioned with fourteen days loss of good-time credits and a disciplinary transfer.
 
 
 4
 Relying on Wolff v. McDonnell, 418 U.S. 539 (1974), Alcorn argues that his due process rights were violated when the disciplinary hearing was conducted without his witnesses being present. We disagree.
 
 
 5
 Alcorn's own statement indicates that Alcorn: squabbled with the guard; asked why the guard wanted to see his identity card instead of simply complying with the guard's request; and told the guard that the guard needed to lose some weight. Alcorn fails to indicate how his witnesses' oral testimony could have had any impact on the outcome of the proceedings. Alcorn's own statement supports findings of insolence and refusal to obey an order. There was no reason that the disciplinary hearing could not proceed in the absence of Alcorn's witnesses. See id. at 566 (prison officials may refuse to call witnesses based on lack of necessity).
 
 
 6
 Relying on Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988), Alcorn contends that the district court's judgment must be vacated because the district court never advised him of the requirements of Fed.R.Civ.P. 56(e) before entering summary judgment. We need not reach this issue. Because Alcorn's own statement defeats his claim, we affirm the district court's judgment on the ground that Alcorn's claims are legally frivolous. See 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319, 328 (1989) (when claim "lacks even an arguable basis in law," 1915(d) dismissal is appropriate); see also Kruso, 872 F.2d at 1421 (this court may affirm district court judgment on any basis supported by the record).
 
 
 7
 Alcorn insists that the district court subjected his complaint to a heightened pleading standard inapplicable to pro se litigants and denied him leave to file an amended complaint. Because any amendment would be futile, we reject Alcorn's contention that the district court abused its discretion by denying him leave to file an amended complaint. See Denton v. Hernandez, 504 U.S. 25, 34 (1992) (opportunity to amend not required when clear that no amendment could cure deficiencies).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3